**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DAWN E. KELLEY,**

    **Plaintiff,**

  v.                                                   Case No. 2:09-cv-00237
                                                            **JUDGE GREGORY L. FROST**
**JUDGE JOSEPH J. BRUZZESE, JR., et al.,**    **Magistrate Judge Terence Kemp**

    **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on a motion to dismiss (Doc. # 10) filed by Joseph J. Bruzzese, Jr., Prosecutor Thomas R. Straus, and Prosecutor Jane M. Hanlin ("Defendants"), a memorandum in opposition (Doc. # 12) filed by Dawn E. Kelley ("Plaintiff"), and a reply memorandum ( Doc. # 13) filed by Defendants. For the following reasons, the Court finds Defendants' motion well taken.

**I. Background**

On March 30, 2009, Plaintiff, who is proceeding without the assistance of counsel, filed a complaint and subsequently filed an amended complaint June 3, 2009. Plaintiff alleges that she was indicted on March 7, 2007, on charges of distributing cocaine, possession of cocaine, and possession of drug paraphernalia. She alleges that the indictment caused her hardship because she was living out of state at the time and was forced to relocate her children, quit her job, and return to Ohio to face the charges. Plaintiff asks this Court to review the Defendants' actions in the underlying criminal case to determine if they were proper. She further asks this Court to examine Judge Bruzzese's underlying judicial practices and decisions to determine whether they

1

were constitutionally sound.

Specifically, in her amended complaint, Plaintiff alleges that Judge Bruzzese improperly permitted Prosecutor Hanlin to prosecute her case under Section 4757.12 of the Ohio Revised Code, permitted the jurors to be misled, and denied her the right to face her accuser, in violation of the Fifth and Sixth Amendments to the United States Constitution. (Doc. # 1.) Plaintiff further alleges that Judge Bruzzese sentenced her for an undocumented crime she did not commit. (*Id*.)

Moreover, Plaintiff alleges that Prosecutor Hanlin deprived her of her right to due process of law and knowingly committed a miscarriage of justice by permitting Hanlin's husband to sit beside Plaintiff before testifying against her. Plaintiff further avers that Prosecutor Straus permitted Prosecutor Hanlin to prosecute the case, and created a conflict of interest. (*Id*.) Further, Plaintiff alleges that Prosecutor Straus improperly permitted Prosecutor Hanlin to take Plaintiff's two-and-one half year old case to the grand jury for indictment. (*Id*. at 7.)

Plaintiff alleges that Defendants collectively violated her right to a speedy trial, violated her constitutional rights, and formed a conspiracy against her. (*Id*. at 5-7.) In her amended complaint, Plaintiff requests the underlying charges of drug trafficking be dropped and/or dismissed. Further, Plaintiff requests Judge Bruzzese and Prosecutor Hanlin not be allowed to practice law in Ohio for three years, and requests that Prosecutor Straus not be permitted to handle "cases of this nature." (*Id*. at 4.)

On June 15, 2009, Defendants filed a motion to dismiss pursuant Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Defendants posit that Plaintiff's amended complaint fails to

state a claim upon which relief can be granted. The motion has been fully briefed by both parties, and is now ripe for disposition.

## II. Standard to be Applied

Federal Rule of Civil Procedure 12(b)(6) requires an assessment of whether Plaintiff has set forth a claim upon which this Court can grant relief. This Court must construe the complaint in favor of Plaintiff, accept the factual allegations contained in the complaint as true, and determine whether Plaintiff's factual allegations present plausible claims. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007); *Luckey v. Butler County*, No. 1:06cv123, 2007 WL 4561782, at *1 (S.D. Ohio Dec. 21, 2007) (characterizing *Bell Atlantic* as requiring that a complaint " 'state a claim to relief that is plausible on its face' " (quoting *In re OSB Antitrust Litigation*, No. 06-826, 2007 WL 2253419, at *2 (E.D. Pa. Aug. 3, 2007))). To be considered plausible, a claim must be more than merely conceivable. *Bell Atlantic Corp.*, 127 S. Ct. at 1974; *Assoc. of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Thus, the factual allegations of a pleading "must be enough to raise a right to relief above the speculative level" *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

Also, the "pleadings of pro se petitioners are held to less stringent standards than those prepared by attorneys, and are liberally construed when determining whether they fail to state a claim upon which relief can be granted." *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004) (citing *Hanines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "A court should make a reasonable attempt to read the pleadings to state a valid claim on which the plaintiff could prevail, despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his

3

poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Ashiegbu v. Purviance,* 74 F. Supp. 2d 740, 746 (S.D. Ohio Nov. 17, 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). However, the Court will not assume "the role of advocate for the pro se litigant." *Id*.

### III. Discussion

**A. Subject Matter Jurisdiction**

Defendants contend that this Federal Court does not have jurisdiction to review these claims as jurisdiction is improper under 28 U.S.C. § 1257. Under 28 U.S.C. § 1257, **"lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings or to adjudicate claims inextricably intertwined with issues decided in state court proceedings."** *Peterson Novelties, Inc. v. City of Berkley,* 305 F.3d 386, 390 (6th Cir. 2002)**. Further, subordinate federal courts do not have jurisdiction to review final judgments of state courts.** *Dist. of Columbia Court of Appeals v. Feldman***, 460 U.S. 462, 476 (1983);** *Rooker v. Fidelity Trust Co.***, 263 U.S. 413, 415-16 (1923). Review of such determinations can only be obtained in the United States Supreme Court by writ of** *certiorari***. 460 U.S. at 476; 263 U.S. at 413. The federal courts of appeal have specifically held that the** *Rooker-Feldman* **doctrine prevents a district court from reviewing a state court's judgment, even if the plaintiff failed to raise the alleged federal issues in state court.** *Lidel v. Juvenile court of Madison County, Alabama,* **891 F.2d 1542, 1545 (11th Cir. 1990);** *Facio v. Jones***, 929 F.2d 541, 543 (10th Cir. 1991).**

**Plaintiff requests this Court to overturn her conviction and punish the presiding judge and attorneys for actions they took during her underlying case. In so doing, Plaintiff**

seeks for the Court to review the actions of Judge Bruzzese and the prosecutors and find them to be incorrect or improper. This is precisely what 28 U.S.C. § 1257 prohibits, *i.e.*, a district court may not review constitutional claims if the claims are inextricably intertwined with the state court's proceedings, decisions, and judgments. *See Pancake v. McCowan*, 64 Fed. App'x 464 (6th Cir. 2003) (holding that where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment). In view of the *Rooker-Feldman* doctrine, this Court is left without subject-matter jurisdiction over Plaintiff's claims and they must therefore be dismissed.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that if a judgment rendered in favor of a plaintiff would necessarily imply that the criminal conviction or sentence was invalid, then the complaint must be dismissed unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *Id*. at 487. Here, Plaintiff is challenging her conviction and the propriety of the proceedings that led to it.

Defendants argue that Plaintiff's underlying criminal conviction prohibits her challenge to Defendant's conduct and decisions in the underlying case. Plaintiff's claims are predicated on conduct that occurred during state criminal proceedings against her. Plaintiff has not alleged that her conviction has been invalidated through an appeal within the Ohio court system. Consequently, this action is improper.

Under *Heck*, to bring this action, Plaintiff must allege the state court proceedings have been invalidated through a state court appeal. Because Plaintiff's conviction has not

been invalidated by the state court, she presents no viable claims against Defendants, and judgment must therefore be entered against her on the complaint.

   B. Judicial Immunity

"It is well established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967)). This is true even when a plaintiff alleges that a judge performed his or her judicial function maliciously, corruptly, or in bad faith. *Id*. Also, when judicial immunity applies, the immunity shields a judge not only from damages, but from the suit as well. *Archie v. Lanier*, 95 F.3d 438, 440 (6th Cir. 1996) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam)).

A judge, however, "will not be immune from suit seeking monetary damages in two circumstances: (1) where the judge acts in a non-judicial capacity; or (2) where the judge acts in the complete absence of jurisdiction." *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir 1997). Further, "a judge will not be deprived of his immunity because the action he took was in error . . . or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). The Sixth Circuit recognizes that judicial immunity "operates to protect judges and quasi-judicial officers alike from suit in both their official and individual capacities." *Dixon v. Clem,* 492 F.3d 665, 674 (6th Cir. 2007) **(holding that judicial immunity shielded a school hearing officer from** Section 1983 **liability in his individual capacity)**. Therefore, the Court must examine Plaintiff's claims to determine whether they allege that Judge Bruzzese acted either outside his judicial capacity or in the complete absence of jurisdiction.

The "nature and function of the act, not the act itself" determines whether an

6

individual acted in his or her judicial capacity. *Ireland v. Tunis,* 113 F.3d 1435, 1440 (6th Cir.1997) (citing *Mireles,* 502 U.S. at 13). This inquiry is twofold. *Id.* at 1441. First, a court must assess whether the nature of the act was "a function normally performed by a judge." *Id.* (quoting *Stump,* 435 U.S. at 362). Second, a court must determine "whether the parties dealt with the judge in his or her judicial capacity." *Id.* (citing *Stump,* 435 U.S. at 362).

### I. "Non-judicial acts" exception

Judge Bruzzese was performing judicial acts in Plaintiff's underlying criminal case. Plaintiff alleges that Judge Bruzzese made improper rulings and failed to protect her rights during these underlying proceedings. She alleges that the judge permitted Prosecutor Hanlin to prosecute the case even though Hanlin formally worked at the same law firm as the judge. All of the allegations raised by Plaintiff are quintessential judicial acts that are shielded by absolute immunity. Judge Bruzzese's actions directly related to his function as presiding judge and therefore Plaintiff cannot overcome the judge's immunity based on the nature of his actions. *See Barnes v. Winchell*, 105 F.3d 1111 ( 6th Cir. 1997) (holding that whether a judge is shielded by absolute immunity depends on whether the challenged conduct relates to a function normally performed by a judge).

### ii. "Clear absence of all jurisdiction" exception

"A judge acts in the clear absence of all jurisdiction only when the matter upon which he acts is clearly outside the subject matter of the court over which he presides." *Johnson,* 125 F.3d at 334. When deciding whether to extend judicial immunity, the Court examines the scope of subject matter broadly. *See Stump,* 435 U.S. at 356. Judge Bruzzese's actions took place while he was performing judicial acts in the underlying

7

criminal case. Pursuant to Ohio Revised Code § 2931.03, the court of common pleas has original jurisdiction of all crimes and offenses, except minor offenses. Plaintiff was charged with two felonies, possession of cocaine and distribution of cocaine. (Doc. # 3, Attach.) As such, Judge Bruzzese was acting with proper jurisdiction and his absolute immunity remains intact.

C. Governmental Immunity

Prosecutor Hanlin and Prosecutor Straus are also immune from suit for their role in Plaintiff's underlying criminal case. Government officials performing "special functions" are entitled to absolute immunity from damage liability. *Buckley v. Fitzsimmons*, 509 U.S. 259, 268-9 (1993). Prosecuting attorneys enjoy absolute immunity when acting as an advocate, initiating a prosecution, and presenting the government's case. *Imbler v. Pachtman*, 424 U.S. 409 (1976). In the instant case, Plaintiff alleges that Prosecutor Hanlin and Straus must be held liable for actions they took and decisions they made while prosecuting Plaintiff in the Jefferson County Court of Common Pleas. However, Plaintiff's claims cannot stand as they relate solely to the performance of their duties and obligations as prosecutors and advocates for Jefferson County. As such, Prosecutors Hanlin and Straus are absolutely immune from Plaintiff's claims.

D. Failure to State a Claim - 42 U.S.C. § 1983

Plaintiff alleges that Defendants violated her constitutional rights. To recover under 42 U.S.C. § 1983, Plaintiff must prove two essential elements: (1) that she was denied a right secured by the Constitution or the laws of the United States, and that the deprivation was permitted by one acting under color of state law. *Parratt v. Taylor*, 451

8

U.S. 527, 535 (1981). Plaintiff must allege that she was actually deprived of a *federally protected right*; a § 1983 action does not cover official conduct that violates only state law. *Baker v. McCollan*, 443 U.S. 137, 146 (1979).

While Plaintiff does claim that the Defendants violated her constitutional rights, she has not alleged the deprivation of a federally protected right. The Sixth Circuit explains:

> An incorrect decision by the Ohio court does not constitute a deprivation of due process of law that the federal courts must redress. The proper course to correct a mistake is by appeal. It is only the claim that Ohio's procedures do not allow a vindication of plaintiff's rights that states a cognizable due process violation.

*Agg v. Flanagan*, 855 F.2d 336, 339 (6th Cir. 1988). Plaintiff's allegations do not amount to a cognizable deprivation of a federal right. Because her constitutional rights claims are predicated upon this requirement, Plaintiff's claims against Defendants fail as they do not raise a right to relief above the speculative level. *See Bell Atlantic Corp.*, 127 S. Ct. at 1964-65.

### E. Failure to State a Claim - 42 U.S.C. § 1985(3)

Plaintiff alleges that the Defendants conspired together to violate her civil rights under 42 U.S.C. § 1985(3). To state a claim under § 1985(3), a plaintiff must allege four elements:

> (1) a conspiracy;
> (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws;
> (3) an act in furtherance of the conspiracy; and
> (4) an injury to either person or property or a deprivation of any right or privilege of a United States citizen.

*Volunteer Medical Clinic, Inc. v. Operation Rescue*, 948 F.2d 218, 223 (6th Cir. 1991) (citing *United Bd. of Carpenters & Joiners v. Scott*, 463 U.S. 825 (1983) and *Conklin v. Lovely*, 834 F.2d 543, 548 (6th Cir. 1987)). Plaintiff's amended complaint does not state a claim under § 1985 because aside from broad, conclusory statements, there are no allegations that the Defendants engaged in a conspiracy against her. *See Farat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004) (holding that claims of conspiracy must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1985 claim). Therefore, Plaintiff's amended complaint fails to state a § 1985 claim upon which relief can be granted.

### E. Violation of the Ethics Rules

Plaintiff alleges Judge Bruzzese violated "Section 4757.12 of the Professional Responsibility of the Ohio Revised Code" and Prosecutor Hanlin violated "the [C]ode of Professional Responsibility, Section 4757.12." (Doc. # 3, 5-6.) These allegations must fail for two reasons. First, Ohio Revised Code Section 4757.12 relates to professional disclosure statements that must be filed with the state by all individuals providing professional counseling, social work, or marriage and family therapy services in the State of Ohio. This section in no way discusses or relates to the ethical obligations placed upon judges and attorneys. Second, this Court does not have authority to proceed with claims against an Ohio state judge or attorney for violations of their respective ethical codes. The Ohio state and federal courts have repeatedly held that the only proper sanction for a violation of the disciplinary rules is disciplinary action imposed pursuant to a proceeding

brought by the Office of Disciplinary counsel before the Supreme Court of Ohio. *See Wilkey v. Hull*, 598 F. Supp. 2d 823, 831 (S.D. Ohio Feb. 3, 2009). An attorney's violation of the Code of Professional Responsibility or a judge's violation of the Disciplinary Code does not give rise to a private right of action. *See id*. As such, Plaintiff's claims must fail as a matter of law.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss. (Doc. # 10.) The Clerk is DIRECTED to ENTER JUDGMENT in accordance with this Opinion and Order.

IT IS SO ORDERED.

                                                       s/ Gregory L. Frost
                                              **GREGORY L. FROST**
                                              **UNITED STATES DISTRICT JUDGE**